UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY AQUINO, *an individual*,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LEPRINO FOODS COMPANY,<br>*a Colorado Company*<br><br>　　　　　Defendant. | Case No.　1:24-cv-00964-HBK<br><br>ORDER GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE AND MOTION FOR PARTIAL JUDMENT ON THE PLEADINGS [1]<br><br>(Doc. Nos. 15-1, 15) |

　　　　Pending before the Court is Defendant Leprino Foods Company's motion for partial judgment on the pleadings filed on January 24, 2025. (Doc. No. 15, "Motion"). Pursuant to Federal Rule of Civil Procedure 12(c), Defendant seeks dismissal of Plaintiff's first, second, third, and fourth causes of action. (*Id.*). Plaintiff filed an Opposition (Doc. No. 16), and Defendant filed a Reply (Doc. No. 18). The Court finds the matter suitable for decision without oral arguments. (Doc. No. 17). For the reasons set forth below, the Court grants Defendant's Motion and dismisses Plaintiff's first, second, third, and fourth causes of action.

////

////

---

[1] Both parties have consented to the jurisdiction of a magistrate judge in accordance with 28 U.S.C. § 636(c)(1). (Doc. No. 11).

1

**I.     BACKGROUND**

**A.   Procedural History and Summary of Complaint**

Plaintiff initiated this action by filing a civil complaint against Defendant, alleging discrimination; harassment; retaliation;  and  failure to prevent discrimination, harassment, and retaliation in violation of California's Fair Employment and Housing Act ("FEHA"); as well as additional claims for wrongful constructive termination; violation of the Ralph Civil Rights Act; violation of the Tom Bane Civil Rights Act; and common law negligent hiring, supervision, training, and retention.  (Doc. No. 1 at 1).

According to the Complaint, Plaintiff began employment with Defendant on February 14, 2022, and shortly after beginning employment was subjected to sexual harassment, including comments on her appearance, persistent requests for dates or to spend time together outside work, requests to touch her hands or give her hugs, and questions regarding her body.  (Doc. No. 1 at 5-6).  When Plaintiff reported the conduct to superiors in the company, she was told to "be careful," to "avoid weird people," and that was "just how guys are at the company."  (*Id.* at 6-7).  When she asked to no longer be scheduled with a particular coworker, she was informed the coworker "had previously sexually harassed other female employees."  (*Id.* at 7).  Because Plaintiff feared returning to work and "there was nowhere she felt safe from harassment in some form or another," she informed Defendant that she could no longer work for it on August 30, 2022.  (*Id.* at 8).

Defendant filed an answer to the Complaint on October 15, 2024, admitting Plaintiff's former employment but generally denying the allegations.  (Doc. No. 5).

**B.  Defendant's Motion**

Defendant's Motion seeks judgment on the pleadings on Plaintiff's FEHA claims, alleging these claims are barred by the applicable statute of limitations because Plaintiff failed to file her complaint within one year of the issuance of a right-to-sue notice from the California Civil Rights Department ("CRD").  (Doc. No. 15 at 2).  More particularly, Defendant argues that because Plaintiff filed her initial complaint with the CRD on March 6, 2023 and received a right-to-sue notice the same day, she was required to file suit by March 6, 2024, and Plaintiff's filing of a

1  second CRD complaint on August 14, 2024 "does not reset the statutory one-year deadline," such
2  that her claims are barred under the one-year statute of limitations. (*Id.* at 4-5). In making this
3  argument, Defendant relies primarily on *Acuna v. San Diego Gas & Electric Co.*, 217 Cal. App.
4  4th 1402 (2013), and also cites *Dornell v. City of San Mateo*, 19 F. Supp. 3d 900, 908 (N.D. Cal.
5  2013).

6        Attached to the Motion are a copy of Plaintiff's March 6, 2023 complaint to the CRD and
7  a right-to-sue notice issued the same day, as well as Plaintiff's August 16, 2024 complaint to the
8  CRD with a separate right-to-sue notice issued the same day. (Doc. No. 15-1 at 4-18). Defendant
9  requests the Court take judicial notice of these documents as matters of public record. (Doc. No.
10  15 at 2 n.1).

### C. Plaintiff's Opposition

12        In opposition, Plaintiff argues her "August 16, 2024, CRD complaint was timely, the CRD
13  properly issued a right-to-sue notice, and [she] properly brought this action consistent with the
14  right-to-sue notice." (Doc. No. 16 at 2). She asserts "[t]here is no authority barring the filing of a
15  second CRD claim alleging the same conduct as long as the complaint is still timely, within the
16  three-year period, to file with the CRD." (*Id.*). She further argues that neither the interests of
17  justice nor the goals of the FEHA "support arbitrarily limiting a complainant's time frame to file
18  a lawsuit based on their early filing of a CRD complaint." (*Id.*).

19        Plaintiff contends that *Acuna* is inapplicable because that court "only decided that Ms.
20  Acuna was not able to revive prior claims with a new [administrative complaint] where those
21  prior claims could not themselves be timely included in the new [administrative] complaint." (*Id.*
22  at 2-6). Plaintiff's position is that California courts generally honor a second right-to-sue notice
23  even if an earlier letter is time barred and "make clear that a second right to sue letter may be
24  sought and issued." (*Id.* at 6-7 (citing *Grant v. Comp USA, Inc.*, 109 Cal. App. 4th 637, 650
25  (2003); *Mandurrango v. Int'l Paper Co.*, No. 1:16-CV-00024-BAM, 2016 WL 1382875, at *6
26  (E.D. Cal. Apr. 7, 2016); and *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1082-83 (9th Cir.
27  2000)).

28        ////

### D. Defendant's Reply

Defendant replies that "once a right-to-sue notice has been issued, the one-year period to file suit is a firm deadline that cannot be extended by filing a second CRD complaint for the same claims." (Doc. No. 18 at 2). Defendant argues "Plaintiff has not invoked any statutory exception and has provided no legal authority supporting her assertion that simply refiling an identical CRD complaint can reset the statutory deadline." (*Id.* at 3). Defendant argues each of the cases cited by Plaintiff—*Grant*, *Mandurrango*, and *Couveau*—are distinguishable and do not support allowing Plaintiff's claims to proceed. (*Id.* at 3-4

## II.   APPLICABLE LAW AND ANALYSIS

### A. Applicable Law

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is proper when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Scanlon v. Cnty. of Los Angeles*, 92 F.4th 781, 796 (9th Cir. 2024). In making this determination, the court "accept[s] all factual allegations in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Herra v. Zumiez, Inc.*, 953 F.3d 1063, 1068 (9th Cir. 2020). A court may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir. 2021). A court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

### B. Judicial Notice of the CRD Filings is Proper

Defendant requests the Court take judicial notice of Plaintiff's CRD filings submitted with the motion to dismiss. (Doc. No. 15-1). Importantly, each document is either on the CRD's letterhead and/or signed by Plaintiff's representatives. (*See id.* at 5-18). Plaintiff did not address this request in her response or contend that the filings are inaccurate. (*See generally* Doc. No. 16).

4

"The court may judicially notice a fact that is not subject to reasonable dispute because it *... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned*." Fed. R. Evid. 201(b)(2) (emphasis added).  Courts "may take judicial notice of 'records and reports of administrative bodies.'"  *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012).  Courts routinely take judicial notice of DFEH complaints and right-to-sue letters when deciding motions to dismiss. *See e.g.*, *Abikar v. Bristol Bay Native Corp.*, 300 F. Supp. 3d 1092, 1099, n.1 (S.D. Cal. 2018) (taking judicial notice of DFEH right-to-sue notice on motion to dismiss in considering timeliness under section 12965); *Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 901–902 (E.D. Cal. 2017) (taking judicial notice of DFEH right-to-sue notice on motion to dismiss).  Thus, Defendant's request for judicial notice is granted.

### C. Plaintiff's FEHA Claims are Barred

Before a plaintiff can bring suit for a violation of the FEHA, she must file an administrative complaint with the CRD and receive a right-to-sue notice.  Cal. Gov. Code §§ 12960, 12965.  A CRD complaint "shall not be filed after the expiration of three years from the date upon which the unlawful practice or refusal to cooperate occurred." Cal. Gov. Code § 12960(e)(5).  Once the CRD issues a right-to-sue notice, "the person claiming to be aggrieved may bring a civil action … within one year from the date of that notice."  Cal. Gov. Code § 12965(c)(1)(C).

As outlined above, the parties cite multiple cases they contend support their differing positions as to whether Plaintiff's claims are timely based on the filing of a second CRD complaint.  However, the Court's review reveals that most of the cases fail to present facts similar to those presented here—specifically, a plaintiff who filed a complaint with the administrative agency; received a right-to-sue notice; failed to file suit within one year of receiving said notice; filed a second, timely administrative complaint based on the same facts; received a second right-to-sue notice; and filed suit within one year of the second notice.

////

////

////

5

Of the cited cases, *Dornell* is the most analogous. In *Dornell*, Debra Dornell ("Dornell") received a right-to-sue notice from the Department of Fair Employment and Housing ("DFEH")[2] on June 14, 2012, after filing a charge with the Equal Employment Opportunity Commission ("EEOC") alleging gender discrimination and retaliation by her employer City of San Mateo ("City"). 19 F. Supp. 3d at 903. On August 28, 2012, the plaintiff "filed a supplemental claim with the DFEH, asserting that she believed she was 'constructively terminated.'" *Id.* She received a right-to-sue notice the same day and, on August 30, 2013, amended her previously filed lawsuit to include claims of gender discrimination, harassment, and retaliation in violation of FEHA. *Id.*

The City moved to dismiss based on, of relevance here, Dornell's failure to timely file her FEHA claims. *Id.* at 905. In addressing the City's argument, the court noted that the allegations that formed the basis of Dornell's FEHA claims "all relate[d] to incidents before May 9, 2012, the date on which Dornell took leave from work," and Dornell's claims did not include constructive discharge. *Id.* at 906. Because the August 28, 2012 supplemental charge added only a claim of constructive discharge, which was not at issue in the lawsuit, the court concluded the June 2012 EEOC charge was the relevant administrative filing. *Id.* at 908. Thus, Dornell was required to file her FEHA claims before June 22, 2013, and because she did not file them until August 30, 2013, they were untimely. *Id.*

A separate federal court reached a similar conclusion in *Hamilton v. Albertson's Companies, Inc.*, No. 24-cv-00462-GPC-BJC, 2024 WL 4875266 (S.D. Cal. Nov. 21, 2024). In *Hamilton*, Linda Hamilton filed a CRD complaint on March 9, 2022, alleging she was not promoted by her former employer Albertson's LLC because of her race and sex. *Id.* at *1. She received a right-to-sue notice on or around the same date but failed to file suit within one year. *Id.* On December 22, 2023, Hamilton's counsel filed a second CRD complaint alleging harassment and discrimination because of ancestry, national origin, color, sex/gender, and race, as well as retaliation. *Id.* at *2. The same day, Hamilton received a right-to-sue notice and filed

---

[2] The DFEH became the CRD following statutory amendment.

6

suit. *Id.*

Albertson's moved to dismiss, alleging Hamilton's claims were untimely because she did not file suit within one year of receiving the first right-to-sue notice. *Id.* at *3. The court explained that "[s]ubsequent charges that reallege conduct encompassed by a prior charge have no legal effect. Otherwise, the time limitations would be meaningless, because potential plaintiffs could evade those requirements simply by seeking additional Notices of Rights to Sue whenever they pleased." *Id.* (citations and alterations omitted). Rather, "courts will refer to a later right-to-sue notice in determining the limitations period where the later notice alleges *new conduct* which forms the basis of the claim." *Id.* (emphasis added). The court concluded "[t]he acts alleged in the second charge [were] not 'separate and distinct events' from the acts alleged in the first charge" and "the retaliatory conduct [Hamilton] complain[ed] of had already occurred by the time she filed her first charge." *Id.* at *4. Thus, the first right-to-sue notice controlled and because Hamilton failed to file her complaint within one year of receiving it, her claims were untimely. *Id.* at *5.

The Court finds *Hamilton*'s reasoning persuasive, specifically the finding that allowing potential plaintiffs to revive their claims by filing subsequent charges based on the same conduct would render meaningless the statute of limitations. Consistent with *Hamilton* and *Dornell* and in the absence of any contrary authority, the Court concludes that when a plaintiff files an administrative charge and receives a right-to-sue notice but fails to file suit within the applicable statutory deadline, her claims cannot be rendered timely by filing a second charge that does not allege any additional facts and receiving a second right-to-sue notice.

Applying this rule to the circumstances here, Plaintiff's FEHA claims are untimely. Plaintiff's March 6, 2023 CRD complaint alleges Plaintiff was harassed and discriminated against because of her sex/gender, references specific instances of alleged harassment starting in February 2022, and alleges Defendant constructively discharged Plaintiff on August 30, 2022. (Doc. No. 15-1 at 10-12). The August 16, 2024 CRD complaint alleges Plaintiff was harassed and discriminated against because of her sex/gender, alleges Plaintiff experienced retaliation for reporting harassment and discrimination, and makes general references to "inappropriate and

7

offensive questions and statements and nonconsensual physical contact." (*Id.* at 16-18). The August 16 CRD complaint does not contain any allegations separate from those contained in the March 6 CRD complaint. Because Plaintiff's employment ended before she filed her first CRD complaint, she was required to bring suit within one year of receiving the first right-to-sue notice. *See Hamilton*, 2024 WL 4875266, at *4.

To the extent Plaintiff argues equitable considerations warrant a different result, the Court is not persuaded based on the specific facts here. Plaintiff first asserts that complainants "often try to file a CRD complaint on their own prior to obtaining counsel" and file a second claim with counsel. (Doc. No. 16 at 2). Plaintiff also asserts that "the legislature extended the time limit to bring claims with the DFEH to three years beginning January 1, 2020, consistent with the purpose of the FEHA, to allow complainants more time to find counsel and pursue their claims." (*Id.*). However, both of Plaintiff's CRD complaints were filed by counsel—although different counsel—and she fails to present any argument why she or her counsel failed to timely file her suit after receiving the first right-to-sue notice. (*See* Doc. No. 15-1 at 10-12, 16-18; *see generally* Doc. No. 16). The Court sees no reason to excuse Plaintiff's untimeliness when Plaintiff appears to have had counsel throughout the administrative process.

Accordingly, it is hereby **ORDERED:**

1. Defendant's Request for Judicial Notice (Doc. No. 15-1) is GRANTED.
2. Defendant's Motion for Partial Judgment on the Pleadings (Doc. No. 15) is GRANTED. Plaintiff's FEHA claims (i.e., Plaintiff's first, second, third and fourth causes of action) are DISMISSED with prejudice.

Dated:   March 12, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE